IN THE UNITED STATED BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | |
| SYNTERRA 3020 MARKET, LP, : | Chapter 11 |
| : | |
| Debtor. : | Case No. 11-10205 (JKF) |
| : | |
| : | |

**MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER
PURSUANT TO 11 U.S.C. §363 TO PERMIT: A) USE CASH COLLATERAL;
B) PROVIDE ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN
CASH COLLATERAL; C) FOR AN EXPEDITED HEARING**

Synterra 3020 Market, LP (the "Debtor"), by and through its proposed counsel, Ciardi Ciardi & Astin, hereby requests authority to A) Use Cash Collateral; B) Provide Adequate Protection to Parties with Interest in Cash Collateral; and C) for an Expedited Hearing, and in support thereof avers as follows:

**BACKGROUND**

1. On January 12, 2011 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor is the Master Lessor of certain real property located in the City of Philadelphia, 27th Ward, Commonwealth of Pennsylvania and commonly known as 3020-3052 Market Street, City of Philadelphia, Philadelphia County, Pennsylvania (the "Property") pursuant

to that certain Master Lease Agreement attached hereto as "Exhibit A." The Debtor's primary tenants are as follows:

      (a)    University of Pennsylvania

      (b)    Level 3 Communications, LLC

      (c)    Synterra, Ltd.

      (d)    Lincoln University

      (e)    T Mobile

      (f)    AT&T

and hereinafter collectively referred to as the "Tentants."

4.    At the current time, Inland Mortgage Capital Corporation (the "Lender") alleges it is owed approximately $26,954,746.35 from the Debtor secured by a first priority lien position on all of the Debtor's leasehold interest.

## THE RELIEF REQUESTED AND THE REASONS THEREFORE

5.    Section 363(c) of the Bankruptcy Code allows a debtor to use, sell or lease cash collateral if each entity that has an interest in cash collateral consents or the Court authorizes the use. See 11 U.S.C. § 363(c)(2).

6.    In anticipation of a disagreement regarding use of the rents, the Debtor has prepared a budget (the "Budget")[1] for the months of January 2011 and February 2011 which demonstrate the Debtor's ability to maintain the real estate and provide adequate protection to the Lender. Adequate protection will be provided through (1) continued maintenance, insurance

---

[1] A true and correct copy of the Budget is attached hereto as Exhibit "B." Although the Budget attached as Exhibit B to the Debtor's Motion runs through February 28, 2011, the Debtor is only requesting use of cash collateral through January 31, 2011. The Eight (8) week budget is attached to provide both historic rental income and projected rental income for the Property and not meant to evidence a sixty (60) day initial request for use of cash collateral.

and operation; (2) adequate protection payments; and (3) an equity cushion.

7. The Debtor requires the rental income to fund continuing operations.

8. The Debtor has equity in its properties which provides a cushion for the Lender.

9. Upon information and belief, the Lender is in possession of a 2007 Appraisal of the Property value in 2009, an Appraisal Reconciliation having been provided to the Debtor, evidencing a property value well in excess of the alleged debt.

10. The continued use of cash collateral will allow the Debtor to continue to operate and propose a plan of reorganization.

11. The Debtor avers that it will be able to fund a plan to pay pre-petition unsecured creditors by continuing to operate in this manner.

12. The Debtor avers that the Lender is adequately secured by an equity cushion as well as by a monthly adequate protection payment.

13. The Debtor believes that the request to use cash collateral is proper, reasonable and necessary to continue the Debtor's operations.

14. Approval of the Debtor's request to use cash collateral is in the best interest of the Debtor and creditors of the estate.

15. The Debtor proposes to provide adequate protection in the form of a replacement lien to the extent the Lender has a lien pre-petition which is not subject to challenge and in the same extent, priority and validity as existed pre-petition.

16. In order to maintain the Debtor's operations, Debtor requires the use of cash collateral for the payment of expenses as more specifically set forth in Budget. Through the payment of the above referenced expenses the Debtor will be able, not only to maintain the status quo, but also facilitate its reorganization and enhance the collateral.

17. Unless the Debtor can continue to operate, it will be unable to reorganize and enhance the collateral to the detriment of its creditors.

## REQUEST FOR EXPEDITED CONSIDERATION

18. The Debtor requests expedited treatment in connection with the Motion because it requires the immediate use of rental income to fund ongoing operations at the Property. Accordingly, the Debtor requests that a hearing on use of cash collateral through January 31, 2011 be held at the convenience of the Court.

19. As of the filing of this Motion, no trustee, examiner or creditor's committee has been appointed in this Chapter 11 case. Notice of this Motion has been given via facsimile or electronic mail to the United States Trustee, the Top 20 Unsecured Creditors and the Lender. The debtor submits that no other notice need be given in light of the exigencies of the circumstances and the irreparable harm to the Debtor, its estate and all parties in interest that would ensue if the relief requested herein is not granted.

20. No previous request for the relief sought herein has been made to this or any other Court.

21. Prior to filing this Motion, counsel for the Debtor contacted counsel for the Lender and the Office of the United States Trustee to advise them of the request for an expedited hearing and the relief requested therein.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order in the form attached hereto and for such other and further relief as this Court deems just and proper.

                                                Respectfully submitted,

                                                CIARDI CIARDI & ASTIN

Date: January 14, 2011          By:    */s/ Thomas D. Bielli*
                                                          Albert A. Ciardi, III, Esquire
                                                          Thomas D. Bielli, Esquire
                                                          Jennifer E. Cranston, Esquire
                                                          Holly E. Smith, Esquire
                                                          One Commerce Square, Suite 1930
                                                          2005 Market Street
                                                          Philadelphia, PA 19103
                                                          T (215) 557-3550
                                                          F (215) 557-3551

                                                          Proposed Counsel for the Debtor